UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
                                              :
DANIEL F. KELLEHER AUCTIONS, LLC              :         3:16 CV 878 (JBA)
                                              :
                                              :
V.                                            :
                                              :
                                              :
EUGENE HUH                                    :         DATE: JULY 10, 2018
                                              :
------------------------------------------------------------- x

RULING ON MOTION FOR SANCTIONS

On June 9, 2016, the plaintiff, Daniel F. Kelleher Auctions, LLC, filed a complaint against the defendant, Eugene Huh, alleging, *inter alia*, breach of contract, fraud and violations of New York General Business Law § 349. (Doc. No. 1). On October 5, 2016, the Court entered a default against the defendant under Fed. R. Civ. P. 55(a). (Doc. No. 9).

On October 28, 2016, the plaintiff moved for entry of default judgment against the defendant under Fed. R. Civ. P. 55(b), and, on April 18, 2017, the Court granted this motion in a separate order. (Doc. No. 11). The order entered a judgment by default in the amount of $203,575.10 in favor of the plaintiff.

On November 15, 2017, the plaintiff moved to compel the defendant to appear for a post-judgment deposition and to produce certain documents. The Court granted the motion on January 2, 2018 by electronic order, after no brief in opposition was filed. (Doc. No. 16).

On April 3, 2018, the plaintiff filed a Motion for an Order to Show Cause and for sanctions against the defendant for failure to pay the judgment and failure to comply with the Court's January 2, 2018 order. (Doc. No. 17). On May 22, 2018, the Motion was referred to this Magistrate Judge. (Doc. No. 19). In the Motion, the plaintiff requests that the defendant be found in civil contempt,

ordered to pay a fine of $1,000 for every day that the defendant fails to comply with the order compelling his attendance, and award costs and fees to the plaintiff for "maintaining this proceeding." (Doc. No. 17 at 1-2). Additionally, in its brief in support of its Motion, the plaintiff states that counsel for plaintiff notified the defendant of the Court's January 2, 2018 order via electronic mail, but was unable to serve him with the notice and the subpoena for the deposition. (Doc. No. 18 at 1-2).

On May 23, 2018, this Court issued an Order to Show Cause in which the defendant was ordered to "file and serve any written response to the plaintiff's motion for an order to show cause on or before **June 11, 2018**[,]" (Doc. No. 20 at 2)(emphasis in original), and ordered the defendant to "appear before the United States District Court, Courtroom 5, 141 Church Street, New Haven, Connecticut on **June 18, 2018 at 2:00 p.m.** to show cause why he should not be adjudged in civil contempt of this Court and why the sanctions sought by the plaintiff should not be granted." (Doc. No. 20 at 2).

On June 13, 2018, the plaintiff filed an affidavit of service of the Order to Show Cause which details the five attempts made to effectuate in hand service on the defendant at his address: 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 22). A copy of the Order was also mailed to the defendant at that address. (Doc. No. 22). On the same day, the plaintiff filed a second affidavit of Order to Show Cause which details that service was made upon Yuvarka Huh, the defendant's wife, at 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 23). A copy of the Order was also mailed to that address. (Doc. No. 23).

The defendant failed to file a response to the plaintiff's motion, and failed to appear at the show cause hearing before this Court on June 18, 2018. (Doc. No. 24). At the hearing, counsel for the plaintiff represented that he has an email address for the defendant, linked to the defendant's

Ebay account from which the defendant sells stamps; the plaintiff subpoenaed the Ebay records, and the email that the plaintiff has used is attached to the defendant's active Ebay account. Plaintiff's counsel emailed the defendant a copy of the Court's Order on May 24, 2018, and, as detailed in the affidavit referenced above, the plaintiff effectuated service on the defendant's wife at their residence on May 29, 2018.

The plaintiff reiterated its request for the issuance of a civil arrest warrant so that the plaintiff can "figure out" the defendant's assets, which may include money made from selling these stamps on Ebay. Additionally, the plaintiff reiterated its request for sanctions for the fees and costs of the original deposition, the filing of the Motion to Compel, the filing of the Motion for Order to Show Cause, and the fees and costs incurred in connection with the hearing. The plaintiff also requested that additional sanctions be imposed upon the defendant, up to $1,000 a day.

In accordance with the Court's direction at the hearing, on June 25, 2018, the plaintiff filed the pending Motion for Sanctions (Doc. No. 25), along with an affidavit of counsel (Doc. No. 25-1), and time sheet substantiating the attorney's fees and costs incurred (Doc. No. 25-1, Exh. 1).

The plaintiff moves pursuant to Fed. R. Civ. P. 37(b)(2) for attorney's fees and costs totaling $9,850.20. (Doc. No. 25). A party may move for sanctions from the court where the action is pending, if a party "fails to obey an order or permit discovery[.]" *See* FED. R. CIV. P. 37(b)(2)(A). "Instead of or in addition to the orders [listed in Rule 37(b)(2)(A),] the court must order the disobedient party, . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." FED. R. CIV. P. 37(b)(2)(C). Rule 37(d) provides that if a party fails to appear for a properly noticed deposition, the court may impose sanctions, including an award of reasonable attorney's fees and expenses. FED. R. CIV. P. 37(d)(3).

In this case, the plaintiff seeks an award of: (1) $1,278.00 in attorney's fees and costs associated with the September 17, 2017 deposition that the defendant failed to attend; (2) $4,242.50 in attorney's fees and costs associated with the Motion to Compel (Doc. No. 14), and notifying the defendant of the Court's Order; and, (3) $4,330.00 in attorney's fees and costs associated with the Motion for Order to Show Cause (Doc. No. 17) and the hearing regarding the same. (Doc. No. 25 at 1). Additionally, the plaintiff repeats its request for additional sanctions of up to $1,000 per day from January 12, 2018, the date of the Court's Order granting the plaintiff's Motion to Compel (Doc. No. 16), and requests that this Court issue an order adjudging the defendant in civil contempt of this Court's Order and issue a Form AO442. (Doc. No. 25 at 1).

The plaintiff's Motion for Sanctions (Doc. No. 25) is GRANTED IN PART such that **attorney's fees and costs are awarded in the amount of $9,850.20**. The defendant is ORDERED to appear at his deposition which shall take place no later than **AUGUST 15, 2018**.

The defendant is hereby warned that if **he fails to comply with this Court's order to attend his deposition, the Court may, and likely will, impose further sanctions, including attorney's fees and costs incurred by the plaintiff in pursuing this matter.** *See Dichiara v. Pelsinger*, No. 3:08-CV-1038(CSH), 2010 WL 3613798, at *1-2 (D. Conn. Aug. 30, 2010); *see also State Farm Fire and Cas. Co. v. Brown*, No. 3:08 CV 1778(RNC), 2009 WL 3734067, at *1 (D. Conn. Nov. 6, 2009). Additionally, the defendant is warned **that his failure to comply may result in the issuance of a civil arrest warrant.** *See Dichiara*, 2010 WL 3613798, at *2.

The plaintiff shall serve a copy of this Order on the defendant by email and in person.

IT IS SO ORDERED. Dated this 10th day of July, 2018 at New Haven, Connecticut.

      /s/Robert M. Spector, USMJ
      Robert M. Spector
      United States Magistrate Judge