UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------- x
                                            :
DANIEL F. KELLEHER AUCTIONS, LLC            :          3:16 CV 878 (JBA)
                                            :
                                            :
V.                                          :
                                            :
                                            :
EUGENE HUH                                  :          DATE: AUGUST 28, 2018
                                            :
---------------------------------------------------------- x
```

## RULING ON MOTION FOR SANCTIONS

Although familiarity with the proceedings in this action is presumed (*see* Doc Nos 11, 16-20, 22-26), a recitation of the procedural history follows.

On June 9, 2016, the plaintiff, Daniel F. Kelleher Auctions, LLC, filed a complaint against the defendant, Eugene Huh, alleging, *inter alia*, breach of contract, fraud and violations of New York General Business Law § 349. (Doc. No. 1). On October 5, 2016, the Court entered a default against the defendant under Fed. R. Civ. P. 55(a). (Doc. No. 9).

On October 28, 2016, the plaintiff moved for entry of default judgment against the defendant under Fed. R. Civ. P. 55(b), and, on April 18, 2017, the Court granted this motion in a separate order. (Doc. No. 11). The order entered a judgment by default in the amount of $203,575.10 in favor of the plaintiff.

On November 15, 2017, the plaintiff moved to compel the defendant to appear for a post-judgment deposition and to produce certain documents. The Court granted the motion on January 2, 2018 by electronic order, after no brief in opposition was filed. (Doc. No. 16).

On April 3, 2018, the plaintiff filed a Motion for an Order to Show Cause and for sanctions against the defendant for failure to pay the judgment and failure to comply with the Court's January

2, 2018 order. (Doc. No. 17). On May 22, 2018, the Motion was referred to this Magistrate Judge. (Doc. No. 19). In the Motion, the plaintiff requested that the defendant be found in civil contempt, and ordered both to pay a fine of $1,000 for every day that the defendant failed to comply with the order compelling his attendance, and to reimburse the plaintiff for costs and fees for "maintaining this proceeding." (Doc. No. 17 at 1-2). Additionally, in its brief in support of its Motion, the plaintiff stated that counsel for plaintiff notified the defendant of the Court's January 2, 2018 order via electronic mail, but was unable to serve him with the notice and the subpoena for the deposition. (Doc. No. 18 at 1-2).

On May 23, 2018, this Court issued an Order to Show Cause in which the defendant was ordered to "file and serve any written response to the plaintiff's motion for an order to show cause on or before June 11, 2018[,]" (Doc. No. 20 at 2)(emphasis omitted), and ordered the defendant to

> appear before the United States District Court, Courtroom 5, 141 Church Street, New Haven, Connecticut on June 18, 2018 at 2:00 p.m. to show cause why he should not be adjudged in civil contempt of this Court and why the sanctions sought by the plaintiff should not be granted.

(Doc. No. 20 at 2) (emphasis omitted).

On June 13, 2018, the plaintiff filed an affidavit of service of the Order to Show Cause which detailed five attempts made to effectuate in hand service on the defendant at his address: 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 22). A copy of the Order was also mailed to the defendant at this address. (Doc. No. 22). On the same day, the plaintiff filed a second affidavit indicating that service was made upon Yuvarka Huh, the defendant's wife at the same Leigh Street address. (Doc. No. 23).

The defendant failed to file a response to the plaintiff's motion, and failed to appear at the show cause hearing before this Court on June 18, 2018. (Doc. No. 24). At the hearing, counsel for the plaintiff represented that he had an email address for the defendant, linked to the

defendant's Ebay account from which the defendant sold stamps. In addition to his various attempts at service detailed above, plaintiff's counsel emailed the defendant a copy of the Court's Order on May 24, 2018.

At the hearing, the plaintiff reiterated its request for the issuance of a civil arrest warrant so that the plaintiff can "figure out" the defendant's assets, which could include money made from selling stamps on Ebay. Additionally, the plaintiff reiterated its request for sanctions for the fees and costs of the original deposition, the filing of the Motion to Compel, the filing of the Motion for Order to Show Cause, and the fees and costs incurred in connection with the hearing. The plaintiff also requested that additional sanctions be imposed upon the defendant, up to $1,000 a day for non-compliance.

In accordance with the Court's direction at the hearing, on June 25, 2018, the plaintiff filed another Motion for Sanctions (Doc. No. 25), along with an affidavit of counsel (Doc. No. 25-1), and time sheet substantiating the attorney's fees and costs incurred (Doc. No. 25-1, Ex. 1). In particular, the plaintiff moved pursuant to Fed. R. Civ. P. 37(b)(2) for attorney's fees and costs totaling $9,850.20. (Doc. No. 25). Additionally, the plaintiff repeated its request for additional sanctions of up to $1,000 per day from January 12, 2018, the date of the Court's Order granting the plaintiff's Motion to Compel (Doc. No. 16), and requested that this Court issue an order adjudging the defendant in civil contempt of this Court's Order and issue a Form AO442. (Doc. No. 25 at 1).

On July 10, 2018, the Court granted, in part, the plaintiff's Motion for Sanctions (Doc. No. 25) in that it awarded attorney's fees and costs in the amount of $9,850.20, but did not issue a civil arrest warrant or an order of civil contempt. (Doc. No. 26 at 4). The Court also ordered the defendant to appear at his deposition no later than August 15, 2018. (Doc. No. 26 at 4). In this

order, the Court warned the defendant that, if he failed to comply with this Court's order to attend his deposition, the Court "may, and likely will, impose further sanctions, including attorney's fees and costs incurred by the plaintiff in pursuing this matter[]" and may also issue a civil arrest warrant. (Doc. No. 26 at 4).

On August 17, 2018, the plaintiff filed the pending Motion for Sanctions. (Doc. No. 27). In this motion, the plaintiff's counsel represented that his process server made nine unsuccessful attempts to serve the defendant at his known personal residence with a copy of the Court's July 10, 2018 order and a subpoena for the defendant to appear at a scheduled August 7, 2018 deposition. (Doc. No. 27 at 1). The process server noted, in his failed attempts at personal service, that the air conditioning units in the defendant's residence were on at the time of his attempts and that the vehicles parked at the residence had been moved in between attempts at service. (Doc. No. 27 at 1). In addition, a neighbor advised the process server that the defendant was inside the residence at the time when the process server was knocking on his front door. (Doc. No. 27 at 1). Moreover, according to the defendant, on July 18, 2018 and July 31, 2018, the process server effected service by both affixing copies of the Court's July 10, 2018 order and the deposition subpoena to the front door of the defendant's residence and by mailing copies of these same documents to the residence in an envelope marked "Personal and Confidential." (Doc. No. 27 at 1). All of this factual information is set forth both in the plaintiff's motion and the affidavits of service attached as Exhibit 2 to that motion. (Doc. No. 27-2 at 2-4).

The defendant did not appear at the August 7, 2018 deposition and has not contacted plaintiff's counsel. (Doc. No. 27 at 2). As a result, the plaintiff is requesting that the defendant be ordered to pay $610, which is the cost associated with serving the defendant, and issue a civil arrest

warrant. (Doc. No. 27 at 2). For the reasons stated below, this motion is GRANTED IN LARGE PART.

## I.     DISCUSSION

A party may move for sanctions from the court where the action is pending, if a party "fails to obey an order or permit discovery[.]" *See* FED. R. CIV. P. 37(b)(2)(A). "Instead of or in addition to the orders [listed in Rule 37(b)(2)(A),] the court must order the disobedient party, . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." FED. R. CIV. P. 37(b)(2)(C). Rule 37(d) provides that if a party fails to appear for a properly noticed deposition, the court may impose sanctions, including an award of reasonable attorney's fees and expenses. FED. R. CIV. P. 37(d)(3). Here, the defendant has repeatedly failed to appear for both scheduled court hearings and depositions. An award of costs as a sanction is appropriate. The plaintiff estimates its costs from this most recent round of service to be $610.00, and the Court orders the defendant to pay these costs.

Moreover, the issuance of a civil arrest warrant is appropriate. As set forth above, the plaintiff has effected service of the Court's July 10, 2018 order and the deposition subpoena both through personal delivery of the documents at the defendant's residence and first class mail. CONN. GEN. STAT. § 52-400b(b) ("No capias shall issue against a person who has failed to comply with a discovery, turnover or protection order unless the court finds that such person has been served with a subpoena ordering him to appear in court and he has failed to so appear."); CONN. GEN. STAT. § 52-148e(e) ("If any person to whom a lawful subpoena is issued under any provision of this section fails without just excuse to comply with any of its terms, the court before which the cause is pending, or any judge thereof, may issue a capias and cause him to be brought before such court or judge, as the case may be, and, if the person subpoenaed refuses to comply with said subpoena,

such court or judge may commit him to jail until he signifies his willingness to comply with it."). "In order to issue a capias, the court must find that a lawful subpoena was issued and that the person subpoenaed lacked a just excuse to comply with it." *Micalizzi v. Nationwide Mut. Ins. Co.*, No. 3:06-CV-00059VLB, 2008 WL 2410408, at *2 (D. Conn. June 12, 2008).

The facts set forth in the plaintiff's most recent motion show that the defendant is actively avoiding personal service. *See In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985) (finding that party's failure both to collect mail delivered at the business address and to change that address with the Secretary of State constituted a "willful disregard of legal process . . ."). Thus, at this juncture, the Court is left with little choice, but to issue a capias. *See Dichiara v. Pelsinger*, No. 3:08-CV-1038(CSH), 2010 WL 3613798, at *2 (D. Conn. Aug. 30, 2010); *see also Jones v. Regent Asset Mgmt. Sols., Inc.*, No. 3:10-CV-262 CSH, 2011 WL 2037626, at *3 (D. Conn. May 14, 2011) (ordering a capias warrant for the arrest of the defendant to answer for the judgment against him, and the sanctions that had been imposed). Prior to doing so, however, this Court will grant defendant Huh one last opportunity to appear before this Court to show cause as to why he has not responded to the plaintiff's subpoena, and to this Court's Orders.

II.    <u>CONCLUSION</u>

The plaintiff's Motion for Sanctions (Doc. No. 27) is GRANTED IN LARGE PART such that defendant is ordered to pay $610 in additional costs incurred for serving the defendant in this matter. **<u>Defendant, Eugene Huh, is ORDERED to appear on September 18, 2018 at 10am in the United States District Court, Courtroom 5, 141 Church Street, New Haven, CT.</u>** Plaintiff's counsel shall serve a copy of this order on defendant Huh, and shall file an affidavit with this Court documenting such service. **DEFENDANT HUH IS HEREBY WARNED THAT HIS FAILURE TO APPEAR <u>ON SEPTEMBER 18, 2018</u>, TO TESTIFY IN RESPONSE TO**

**PLAINTIFF'S SUBPOENA, <u>WILL RESULT IN THE ISSUANCE OF A CAPIAS WARRANT FOR DEFENDANT HUH'S ARREST.</u>** Plaintiff's counsel shall prepare a capias warrant for this Court's signature on September 18, 2018.

Dated this 28th day of August, 2018 at New Haven, Connecticut.

_/s/Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge