UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
:
DANIEL F. KELLEHER AUCTIONS, LLC : 3:16 CV 878 (JBA)
:
:
V. :
:
:
EUGENE HUH : DATE: JANUARY 23, 2019
:
------------------------------------------------------------- x

RULING ON MOTION FOR SANCTIONS AND
CERTIFICATION OF FACTS TO THE DISTRICT JUDGE
PURSUANT TO 28 U.S.C. § 636(e)

I. FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2016, the plaintiff, Daniel F. Kelleher Auctions, LLC, commenced this action against the defendant, Eugene Huh, alleging, *inter alia*, breach of contract, fraud, and violations of New York General Business Law § 349. (Doc. No. 1). On October 5, 2016, the Court entered a default against the defendant under Fed. R. Civ. P. 55(a) (Doc. No. 9), followed, on April 18, 2017, by a default judgment under Fed. R. Civ. P. 55(b), in the amount of $203,575.10 in favor of the plaintiff. (Doc. No. 11; *see also* Doc. No. 10).

 A. FIRST MOTION FOR SANCTIONS – REQUEST FOR CIVIL CONTEMPT &
   MOTION FOR ORDER TO SHOW CAUSE

On November 15, 2017, the plaintiff moved to compel the defendant to appear for a post-judgment deposition and to produce certain documents (Doc. No. 14), which the Court granted on January 2, 2018 by electronic order, after no brief in opposition was filed. (Doc. No. 16).

Three months later, on April 3, 2018, the plaintiff filed a Motion for an Order to Show Cause and for sanctions against the defendant for failure to pay the judgment and failure to comply with the Court's January 2, 2018 order. (Doc. No. 17). In the Motion, the plaintiff requested that the defendant be found in civil contempt, ordered to pay a fine of $1,000 for every day that he failed to comply with the award compelling his attendance, and award costs and fees to the plaintiff. (Doc. No. 17 at 1-2). Additionally, in its brief in support of its Motion, the plaintiff stated that counsel for the plaintiff notified the defendant of the Court's January 2, 2018 order via electronic mail but was unable to serve him with the notice and the subpoena for the deposition. (Doc. No. 18 at 1-2). On May 22, 2018, the Motion was referred to this Magistrate Judge. (Doc. No. 19).

The next day, this Court issued an Order to Show Cause in which the defendant was ordered to "file and serve any written response to the plaintiff's motion for an order to show cause on or before June 11, 2018[,]" and ordered the defendant to appear before the Court on June 18, 2018. (Doc. No. 20 at 2).

On June 13, 2018, the plaintiff filed an affidavit of service of the Order to Show Cause which detailed the five attempts made to effectuate in hand service on the defendant at his address: 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 22). A copy of the Order was also mailed to the defendant at that address. (Doc. No. 22). On the same day, the plaintiff filed a second affidavit of Order to Show Cause, which detailed that service was made upon Yuvarka Huh, the defendant's wife, at 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 23). A copy of the Order was also mailed to that address. (Doc. No. 23).

B.    <u>JUNE 2018 SHOW CAUSE HEARING</u>

The defendant neither filed a response to the plaintiff's motion as ordered by this Court, nor appeared at the June 18th show cause hearing. (Doc. No. 24). At the hearing, counsel for the plaintiff represented that he had an email address for the defendant, linked to the defendant's Ebay account from which the defendant sold stamps; the plaintiff subpoenaed the Ebay records, and confirmed that the email address was attached to the defendant's active Ebay account. Thus, in addition to the service made on the defendant's wife, as referenced above, plaintiff's counsel emailed the defendant a copy of the Court's Order on May 24, 2018.

The plaintiff reiterated its request for the issuance of a civil arrest warrant so that the plaintiff could "figure out" the defendant's assets, which might include money made from selling these stamps on Ebay. Additionally, the plaintiff reiterated its request for sanctions for the fees and costs of the original deposition, the filing of the Motion to Compel, the filing of the Motion for Order to Show Cause, and the fees and costs incurred in connection with the hearing. The plaintiff also requested that additional sanctions be imposed upon the defendant, up to $1,000 a day.

    C.    <u>SECOND MOTION FOR SANCTIONS AND REQUEST FOR CONTEMPT</u>

In accordance with the Court's direction at the hearing, on June 25, 2018, the plaintiff filed another Motion for Sanctions (Doc. No. 25), pursuant to Fed. R. Civ. P. 37(b)(2), seeking $9,850.20 of attorney's fees and costs incurred. (Doc. No. 25-1, Ex. 1). Additionally, the plaintiff repeated its request for additional sanctions of up to $1,000 per day from January 12, 2018, the date of the Court's Order granting the plaintiff's Motion to Compel (Doc. No. 16) and requested that this Court issue an order adjudging the defendant in civil contempt of this Court's Order and issue a Form AO442. (Doc. No. 25 at 1).

On July 10, 2018, the Court granted, in part, the plaintiff's Motion for Sanctions (Doc. No. 25) in that it awarded attorney's fees and costs in the amount of $9,850.20, but did not issue a civil arrest warrant or an order of civil contempt. (Doc. No. 26 at 4). The Court also ordered the defendant to appear at his deposition no later than August 15, 2018. (Doc. No. 26 at 4). In that order, the Court warned the defendant that, if he failed to comply with this Court's order to attend his deposition, the Court "may, and likely will, impose further sanctions, including attorney's fees and costs incurred by the plaintiff in pursuing this matter[]" and may also issue a civil arrest warrant. (Doc. No. 26 at 4).

D.     THIRD MOTION FOR SANCTIONS

On August 17, 2018, the plaintiff filed another Motion for Sanctions. (Doc. No. 27), which was referred to this Magistrate Judge three days later. (Doc. No. 28). In this motion, plaintiff's counsel represented that his process server made nine unsuccessful attempts to serve the defendant at his known personal residence with a copy of the Court's July 10, 2018 order and a subpoena for the defendant to appear at a scheduled August 7, 2018 deposition. (Doc. No. 27 at 1). The process server noted that the air conditioning units in the defendant's residence were on at the time of his attempts and that the vehicles parked at the residence had been moved in between attempts at service. (Doc. No. 27 at 1). In addition, a neighbor advised the process server that the defendant was inside the residence when the process server was knocking on his front door. (Doc. No. 27 at 1). Moreover, according to the plaintiff, on July 18, 2018 and July 31, 2018, the process server effected service by both affixing copies of the Court's July 10, 2018 order and the deposition subpoena to the front door of the defendant's residence and by mailing copies of these same documents to the residence in an envelope marked "Personal and Confidential." (Doc. No. 27 at 1; *see* Doc. No. 27-2 at 2-4). The defendant did not appear at the August 7, 2018 deposition and

never contacted plaintiff's counsel. (Doc. No. 27 at 2). As a result, the plaintiff requested that the defendant be ordered to pay $610, which was the cost associated with serving the defendant, and that the Court issue a civil arrest warrant.

On August 28, 2018, this Magistrate Judge awarded the plaintiff an additional $610 in costs and scheduled another show cause hearing for September 18, 2018. (Doc. No. 29 at 6). The Court directed the plaintiff to serve the defendant with a copy of the order and warned the defendant that, if he did not appear, a civil arrest warrant would issue for him. (Doc. No. 29 at 6-7).

### E. SEPTEMBER 2018 SHOW CAUSE HEARING

On September 18, 2018, the Court held a show cause hearing in this case; the plaintiff appeared, but once again, the defendant did not. (Doc. Nos. 30, 34). In a separately filed affidavit (Doc. No. 31), the plaintiff represented that his process server attempted in-hand service at the defendant's residence on four different occasions between August 31, 2018 and September 6, 2018 and effected service both by affixing a copy of the order on the front door of the defendant's residence and by sending the order through first class mail.

### F. FOURTH MOTION FOR SANCTIONS AND REQUEST FOR ISSUANCE OF CAPIAS

In accordance with the Court's direction at the hearing, on September 20, 2018, the plaintiff filed another Motion for Sanctions (Doc. No. 32), which was referred to this Magistrate Judge the next day (Doc. No. 33). In that motion, the plaintiff represented that it incurred $3,255.00 in costs and fees in attempting to serve the Court's August 28, 2018 Order, and for attorney fees for appearing on September 18, 2018. (Doc. No. 32 at 1). The facts set forth in the plaintiff's motion showed that the defendant was actively avoiding personal service. *See In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985) (finding that party's failure both to collect mail delivered at the business address and to change that address with the Secretary of State constituted a "willful

5

disregard of legal process . . .")."). On September 27, 2018, the Court ordered the defendant to pay $3,255.00 in additional costs incurred for serving the defendant. (Doc. No. 35).

Additionally, on September 27, 2018, after already granting two previous sanctions motions, and, after the defendant's failed to abide by five Court orders, and, after the defendant failed to appear before this Court at two show cause hearings, the undersigned issued a capias. *See Dichiara v. Pelsinger*, No. 3:08-CV-1038 (CSH), 2010 WL 3613798, at *2 (D. Conn. Aug. 30, 2010); *see also Jones v. Regent Asset Mgmt. Sols., Inc.*, No. 3:10-CV-262 (CSH), 2011 WL 2037626, at *3 (D. Conn. May 14, 2011) (ordering a capias warrant for the arrest of the defendant to answer for the judgment against him, and the sanctions that had been imposed). A show cause hearing was scheduled for October 22, 2018 (Doc. No. 37), and the capias commanded the United States Marshals Service to notify the defendant to surrender at the United States District Court for the October 22, 2018 hearing, or, in the alternative, to arrest him and bring him to the hearing. (Doc. No. 36).

### G. FIRST CAPIAS – FOR OCTOBER 22, 2018 HEARING

Following the issuance of the capias, the United States Marshals Service located and served an individual bearing the same name as the defendant. After communicating with the Court that service was made but that the defendant would be out of the country on October 22, 2018, this Court issued the following order:

> In light of the newly developed information brought to the Court's attention in connection with the capias issued in this case (Doc. No. 36), namely, that defendant Huh will be out of the country for a pre-planned business trip from October 15, 2018 to November 19, 2018, the Show Cause Hearing is rescheduled from October 22, 2018 at 9:30am to November 27, 2018 at 9:30am. The U.S. Marshals Service will serve defendant Eugene Huh with a copy of this Order upon defendant Huh's return to the United States, and defendant Huh is ordered to appear in Courtroom 5, 141 Church Street, New Haven, CT on November 27, 2018 at 9:30am.

(Doc. No. 38). The capias for the October 22, 2018 hearing was dismissed (Doc. No. 39), and on November 14, 2018, a new capias was issued, commanding the defendant to surrender to the U.S. Marshals on November 27, 2018 to appear before the Court, "otherwise the Marshal is directed to take EUGENE HUH into custody wherever he may be located to assure his appearance before this court." (Doc. No. 40). On November 27, 2018, an individual bearing a similar name to the defendant appeared in Court for the hearing, but he explained to the plaintiff's and the Court's satisfaction that he was not the defendant. Another hearing was scheduled for December 18, 2018. (Doc. No. 43).

H. SECOND CAPIAS- DECEMBER 18, 2018 HEARING

On November 29, 2018, the Court issued a second capias directing the United States Marshals Service either to arrest the defendant and bring him to court or direct him to surrender to the United States Marshal on or before the scheduled hearing on December 18, 2018. (Doc. No. 42). The Deputy United States Marshal who had served the capias on the defendant testified on the record that he had personally served the defendant with the capias and advised him of the court proceeding. According to the testimony, the defendant's daughter had initially tried to convince the Deputy United States Marshal that the defendant was not at home, but after more than thirty minutes, the defendant appeared from the back of the house and acknowledged his identity. The Deputy United States Marshal informed him of the December 18, 2018 hearing and advised that he would be arrested if he did not appear in court for the hearing. The defendant, however, failed to appear. (Doc. No. 44).

I. FIFTH MOTION FOR SANCTIONS

On January 7, 2019, the plaintiff filed the most recent Motion for Sanctions (Doc. No. 45), which was referred to this Magistrate Judge the next day. (Doc. No. 47). In the motion, the

plaintiff argues that the prior-issued capias gave the United States Marshals the legal authority to use force and arrest the defendant in his home. (Doc. No. 45 at 1, n.1). The plaintiff requests that the Court order the defendant to pay $6,325.00 in legal fees incurred by the plaintiff since the Court last sanctioned the defendant for failure to comply with the various court orders. (Doc. No. 45 at 2). The plaintiff also requests an order finding the defendant in contempt and imprisoning him "until he complies with [the] [p]laintiff's post-judgment discovery requests." (Doc. No. 45 at 2). He maintains that there is clear and convincing evidence that the defendant failed to comply with a "clear and unambiguous" court order and that the defendant "has not diligently attempted to comply in a reasonable manner." (Doc. No. 45 at 2 (citing *Frazier v. APM Fin. Solutions, LLC*, No., 3:11 CV 1762 (AWT), 2015 WL 8483237, at *1 (D. Conn. Dec. 9, 2015)).

## II. DISCUSSION

### A. MONETARY SANCTIONS

A party may move for sanctions from the court where the action is pending if a party "fails to obey an order or permit discovery[.]" *See* FED. R. CIV. P. 37(b)(2)(A). "Instead of or in addition to the orders [listed in Rule 37(b)(2)(A),] the court must order the disobedient party, . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." FED. R. CIV. P. 37(b)(2)(C). Rule 37(d) provides that if a party fails to appear for a properly noticed deposition, the court may impose sanctions, including an award of reasonable attorney's fees and expenses. FED. R. CIV. P. 37(d)(3). Here, the defendant has repeatedly failed to appear for both scheduled court hearings and depositions. An award of attorney's fees as a sanction is appropriate.

The total attorney's fees and costs incurred by the plaintiff from September 27, 2018 to January 4, 2019 in connection with this case is $6,325.00. (Doc. No. 45, Aff't & Exh. 1). The

Court orders the defendant to pay these costs. To date, therefore, the total of fees and costs awarded as sanctions in this case is $20,040.20 (*see* Docs. Nos. 26, 29, 35).[1]

B. <u>LEGAL STANDARD</u>

1. <u>CIVIL CONTEMPT</u>[2]

"Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is . . . 'a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). "A party may not be held in contempt unless the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d. Cir. 1996); *see also Frazier*, 2015 WL 8483237, at *1 ("A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear

---

[1]

| 7/10/2018 (Doc. No. 26) | $9,850.20 |
| 8/28/2018 (Doc. No. 29) | $610.00 |
| 9/27/2018 (Doc. No. 35) | $3,255.00 |
| 1/23/2019 (Doc. No. 48) | $6,325.00 |
| **TOTAL SANCTION AWARD TO DATE** | **$20,040.20** |

[2] There is "considerable confusion" regarding "the distinction between civil and criminal contempt." *Hubbard v. Fleet Mortgage Co.*, 810 F.2d 778, 781 (8th Cir. 1987). "[W]hether a contempt is civil or criminal turns on the 'character and purpose' of the sanction involved." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)). "The chief characteristic of civil contempt is that its purpose is to compel obedience to an order of the court to enforce the rights of the other party to the action." *In re Irving*, 600 F.2d 1027, 1031 (2d Cir. 1979). "The purpose of an order of criminal contempt, on the other hand, is punitive. It is imposed to vindicate the court's authority." *Id.*

and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." (internal citation and quotation marks omitted)).

## 2. MAGISTRATE JUDGE JURISDICTION

"While district courts have wide discretion in imposing sanctions for failure to comply with discovery orders, United States magistrate judges have limited civil contempt authority." *Funnekotter v. Republic of Zimbabwe*, No. 09 Civ. 08168 (CM)(THK), 2011 WL 5517860, at *2 (S.D.N.Y. Nov. 10, 2011) (citation omitted). "The jurisdictional limitations placed upon United States magistrate judges, when addressing a motion for civil contempt, are informed by the provisions of 28 U.S.C. § 636(e)."[3] *NXIVM Corp. v. Bouchey*, No. 1:11–MC–0058(GLS/DEP), 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011). "Under [28 U.S.C. § 636(e)] in a case other than one over which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), a magistrate judge is not authorized to issue a final contempt order. Instead, the magistrate judge's function in a 'non-consent' case is to certify facts relevant to the issue of civil contempt to the district court." *Telebrands Corp v. Marc Glassman, Inc.*, No. 3:09 CV 734 (RNC)(DFM), 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (internal citations and quotation marks omitted).

"In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Toxey v. United States*, No. 10 CIV. 3339 (RJH)(KNF), 2011 WL 4057665, at *2

---

[3] Section 636(e)(6)(B)(iii) provides that in civil, non-consent cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such persons in the same manner and to that same extent as for a contempt committed before a district judge.

(S.D.N.Y. Aug. 25, 2011) (internal citation and quotation marks omitted). *See Servaas Inc. v. Republic of Iraq*, No. 09 CIV. 1862(RMB), 2013 WL 5913363, at *2 (S.D.N.Y. Nov. 4, 2013) (same); *see also Trustees of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc.*, No. 14–CV–2894 (SJF)(SIL), 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015) ("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.") (internal citation and quotation marks omitted).

When a magistrate judge has certified facts to the district court, "the district court must 'make an independent determination of the facts certified and consider any additional evidence.'" *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12-CV-4502 (ALC), 2018 WL 5629900, at *1 (S.D.N.Y. Oct. 31, 2018) (quoting 28 U.S.C. § 636(e)(6) (additional citation omitted)). Thus, as this court has acknowledged, "'[t]he district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made.'" *Frazier*, 2015 WL 8483237, at *2 (quoting *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (citing *NXIVM Corp. v. Bouchey*, No. 1:11–MC–0058, 2011 WL 5080322, at *4 (N.D.N.Y. Oct. 24, 2011) (same)); *see also Servaas Inc. v. Mills*, 661 F. App'x 7, 9 (2d Cir. 2016) (summary order) ("Individuals charged with civil contempt are 'entitled to notice of the allegations, the right to counsel, and a hearing at which the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense.'" (quoting *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934–35 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir.2000)). "'Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court.'" *Frazier*, 2015 WL 8483237, at *2 (quoting *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)).

C.     CERTIFICATION OF FACTS

The Court construes the plaintiff's motion for contempt as a request for certification of facts pursuant to 28 U.S.C. § 636(e). There is sufficient, unrebutted evidence in the record to establish a prima facie case of contempt. Accordingly, the undersigned certifies the following facts to the district court pursuant to 28 U.S.C. § 636(e)(6)(B)(iii):

1. On June 9, 2016, the plaintiff filed a complaint against the defendant alleging, *inter alia*, breach of contract, fraud, and violations of New York General Business Law § 349. (Doc. No. 1).

2. On October 5, 2016, the Court entered a default against the defendant under Fed. R. Civ. P. 55(a). (Doc. No. 9).

3. On October 28, 2016, the plaintiff moved for entry of default judgment against the defendant under Fed. R. Civ. P. 55(b), which the Court granted on April 18, 2017. (Doc. No. 9). The next day, judgment entered in the favor of the plaintiff in the amount of $203,575.10. (Doc. No. 10).

4. On November 15, 2017, the plaintiff moved to compel the defendant to appear for a post-judgment deposition and to produce certain documents. (Doc. No. 14). The Court granted the motion on January 2, 2018 by electronic order, after no brief in opposition was filed. (Doc. No. 16).

5. On April 3, 2018, the plaintiff filed a Motion for an Order to Show Cause and for sanctions against the defendant for failure to pay the judgment and failure to comply with the Court's January 2, 2018 order. (Doc. No. 17). The motion was referred to this Magistrate Judge. (Doc. No. 19).

6. On May 23, 2018, this Magistrate Judge issued an Order to Show Cause in which the defendant was ordered to respond to the plaintiff's motion on or before June 11, 2018 and to appear for a show cause hearing as to why he should not be held in civil contempt on June 18, 2018. (Doc. No. 20 at 2).

7. On June 13, 2018, the plaintiff filed an affidavit of service of the Order to Show Cause which detailed the five attempts made to effectuate in hand service on the defendant at his address: 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 22). A copy of the Order was also mailed to the defendant at that address. (Doc. No. 22). On the same day, the plaintiff filed a second affidavit of Order to Show Cause which detailed that service was made upon Yuvarka Huh, the defendant's wife, at 26 Leigh Street, Williston Park, NY 11596. (Doc. No. 23). A copy of the Order was also mailed to that address. (Doc. No. 23).

8. The defendant failed to file a response to the plaintiff's motion and failed to appear at the show cause hearing on June 18, 2018. (Doc. No. 24). At the hearing, counsel for the plaintiff represented that he had also emailed a copy of the Order to Show Cause to an email address for the defendant, linked to the defendant's Ebay account from which the defendant sold stamps and which he used in connection with an active Ebay account.

9. On June 25, 2018, the plaintiff filed a Motion for Sanctions (Doc. No. 25), requesting attorney's fees and costs totaling $9,850.20. (Doc. No. 25). Additionally, the plaintiff repeated its request for additional sanctions of up to $1,000 per day from January 12, 2018, the date of the Court's Order granting the plaintiff's Motion to Compel (Doc.

No. 16), and requested that this Court issue an order adjudging the defendant in civil contempt. (Doc. No. 25 at 1).

10. On July 10, 2018, the Court granted, in part, the plaintiff's Motion for Sanctions (Doc. No. 25), awarding attorney's fees and costs in the amount of $9,850.20, but declining to issue a civil arrest warrant or an order of civil contempt. (Doc. No. 26 at 4). The Court also ordered the defendant to appear at his deposition no later than August 15, 2018. (Doc. No. 26 at 4). In this order, the Court warned the defendant that, if he failed to comply with this Court's order to attend his deposition, the Court "may, and likely will, impose further sanctions, including attorney's fees and costs incurred by the plaintiff in pursuing this matter[]" and may also issue a civil arrest warrant. (Doc. No. 26 at 4).

11. The defendant did not appear at the August 7, 2018 deposition and never contacted plaintiff's counsel. (Doc. No. 27 at 2).

12. On August 17, 2018, the plaintiff filed a second Motion for Sanctions (Doc. No. 27), which was referred to this Magistrate Judge three days later. (Doc. No. 28). In this motion, the plaintiff's counsel represented that his process server made nine unsuccessful attempts to serve the defendant at his known personal residence with a copy of the Court's July 10, 2018 order and a subpoena for the defendant to appear at a scheduled August 7, 2018 deposition. (Doc. No. 27 at 1). The process server noted, in his failed attempts at personal service, that the air conditioning units in the defendant's residence were on at the time of his attempts and that the vehicles parked at the residence had been moved in between attempts at service. (Doc. No. 27 at 1). In addition, a neighbor advised the process server that the defendant was inside the

residence when the process server was knocking on his front door. (Doc. No. 27 at 1). Moreover, according to the plaintiff, on July 18, 2018 and July 31, 2018, the process server effected service by both affixing copies of the Court's July 10, 2018 order and the deposition subpoena to the front door of the defendant's residence and by mailing copies of these same documents to the residence in an envelope marked "Personal and Confidential." (Doc. No. 27 at 1; Doc. No. 27-2 at 2-4).

13. The plaintiff requested that the defendant be ordered to pay $610, which was the cost associated with serving the defendant, and issue a civil arrest warrant. (Doc. No. 27 at 2).

14. On August 28, 2018, the Court issued an order granting, in large part, the plaintiff's motion (Doc. 29), awarding the plaintiff an additional $610 in costs and scheduling another show cause hearing on September 18, 2018. (Doc. No. 29 at 6). The Court directed the plaintiff to serve the defendant with a copy of the order and warned the defendant that, if he did not appear, a civil arrest warrant would issue for him. (Doc. No. 29 at 6-7).

15. On September 18, 2018, the Court held a show cause hearing in this case; the plaintiff appeared, but the defendant did not. (Doc. Nos. 30, 34). In a separately filed affidavit (Doc. No. 31), the plaintiff represented that his process server attempted in-hand service at the defendant's residence on four different occasions between August 31, 2018 and September 6, 2018 and effected service both by affixing a copy of the order on the front door of the defendant's residence and by sending the order through first class mail to the defendant's address. (Doc. No. 31).

16. On September 20, 2018, the plaintiff filed a third Motion for Sanctions (Doc. No. 32), which was referred to this Magistrate Judge the next day. (Doc. No. 33). In this motion, the plaintiff represented that he incurred $3,255.00 in costs and fees attempting service of the Court's August 28, 2018 Order, and appearing on September 18, 2018. (Doc. No. 32 at 1).

17. On September 27, 2018, the Court granted the motion and issued a capias. (Doc. No. 36). The Court ordered the defendant to pay $3,255.00 in additional costs incurred for serving the defendant and further ordered the defendant to appear on October 22, 2018 at another show cause hearing. (Doc. No. 35 at 7).

18. The capias commanded the United States Marshals Service to notify the defendant to surrender at the United States District Court for the October 22, 2018 hearing, or, in the alternative, to arrest him and bring him to the hearing. (Doc. No. 36).

19. Following the issuance of the capias, the United States Marshals Service located and served an individual bearing the same name as the defendant. After communicating with the Court that service was made but that the defendant would be out of the country on October 22, 2018, this Court issued an order rescheduling the show cause hearing to November 27, 2018. (Doc. No. 38).

20. The capias was dismissed (Doc. No. 39), and on November 14, 2018, a new capias was issued, commanding the defendant to surrender to the U.S. Marshals on November 27, 2018 to appear before the Court, "otherwise the Marshal is directed to take EUGENE HUH into custody wherever he may be located to assure his appearance before this court." (Doc. No. 40).

21. On November 27, 2018, an individual bearing a similar name to the defendant appeared in Court for the hearing, but he explained to the plaintiff's and the Court's satisfaction that he was not the defendant. Another hearing was scheduled for December 18, 2018. (Doc. No. 43).

22. On November 29, 2018, the Court issued a second capias directing the United States Marshals Service either to arrest the defendant and bring him to court or direct him to surrender to the United States Marshal on or before the scheduled hearing on December 18, 2018. (Doc. No. 42).

23. The United States Marshals Service located the defendant, met with him, served him, in person, with the capias and advised him that, if he did not appear for the December 18, 2018 hearing, he could be arrested.

24. At the hearing on December 18, 2018, the Deputy United States Marshal who had served the capias on the defendant testified on the record that he had personally served the defendant with the capias and advised him of the court proceeding. According to the testimony, the defendant's daughter had initially tried to convince the Deputy United States Marshal that the defendant was not at home, but after more than thirty minutes, the defendant appeared from the back of the house and acknowledged his identity. The Deputy United States Marshal informed him of the December 18, 2018 hearing and advised that he would be arrested if he did not appear in court for the hearing.

25. The defendant failed to appear at the December 18, 2018 hearing. (Doc. No. 44).

"A district court clearly has discretion to impose contempt sanctions for violations of post-judgment discovery orders." *Servaas Inc. v. Republic of Iraq*, No. 09 CIV. 1862(RMB), 2014 WL

279507, at *2 (S.D.N.Y. Jan. 24, 2014), *vacated on other grounds*, *Servaas Inc. v. Mills*, 661 F. App'x 7, 8 (2d. Cir. 2016); *Export-Import Bank of Republic of China v. Grenada*, No. 06 Civ. 2469 (HB), 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010) (same). *See, e.g., Ferrara v. Nordev*, LLC, 10 Civ. 5844 (JFB)(WDW), 2012 WL 1999643, at *2 (E.D.N.Y. Apr. 10, 2012) (an order of civil contempt is warranted "to coerce [defendants] into compliance with the post-judgment discovery demands duly served on them . . . ."), *report approved and adopted*, 2012 WL 2017501 (E.D.N.Y. May 30, 2012). Based on these certified facts, the plaintiff has made its required showing to demonstrate contempt. The Court's orders granting the plaintiff's initial motion for a show cause hearing and its subsequent orders directing the defendant to appear for a post-judgment examination, and multiple show cause hearings, were all clear and unambiguous. Five sanctions motions, including this underlying motion, have been granted, totaling an award of $20,040.20, and the defendant has failed to abide by no less than six court orders, including a capias commanding his appearance or face arrest. The proof of the defendant's noncompliance is likewise clear and convincing, as the defendant, despite in-hand service of the capias from the United States Marshals Service, chose not to appear in court. *See Ferrara*, 2012 WL 1999643 at *3 (certifying facts pursuant to 28 U.S.C. § 636(e) where defendants failed to comply with post-judgment discovery); *State Farm Mut. Auto. Ins. Co. v. Cohan*, No. CV 09-2990 (JS), 2010 WL 3000685, at *3 (E.D.N.Y. July 28, 2010) (same).

III. CONCLUSION

For the reasons set forth above, this Magistrate Judge GRANTS the Motion for Sanctions (Doc. No. 45) to the extent that it requests an award of fees and costs against the defendant. The defendant is ordered to pay the plaintiff an additional $6,325.00 in attorney's fees and costs.

In addition, the Court certifies facts pursuant to 28 U.S.C. § 636(e)(6) regarding the defendant's repeated failure to attend post-judgment depositions and show cause hearings in court, despite having been served a capias by the United States Marshals Service directing him to appear in court.

The plaintiff shall serve a copy of this Order on the defendant by email and in person.

Dated this 23rd day of January, 2019 at New Haven, Connecticut.

    /s/Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge